NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CREWZERS FIRE CREW TRANSPORT, INCORPORATED,**
*Plaintiffs-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5069

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-819, Judge Lawrence M. Baskir

---

Decided: January 25, 2012

---

CYRUS E. PHILLIPS IV, Albo & Oblon, L.L.P., of Arlington, Virginia, argued for plaintiff-appellant. Of counsel was DAVID A. OBLON.

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were TONY

WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief was AZINE FARZAMI, Attorney-Advisor, United States Department of Agriculture, of Washington, DC.

———————————

Before RADER, *Chief Judge*, LOURIE, and REYNA, *Circuit Judges.*

RADER, *Chief Judge.*

Crewzers Fire Crew Transport, Inc. ("Crewzers") appeals a United States Court of Federal Claims ("Court of Federal Claims") decision granting the Government's motion for judgment on the administrative record regarding a bid-protest action. *Crewzers Fire Crew Transport, Inc. v. United States*, 98 Fed. Cl. 71 (Fed. Cl., 2011).

I.

Crewzers' pre-award bid protest is based on the U.S. Forest Service's (Forest Service) nationwide solicitation for regionally based Blanket Purchase Agreements (BPAs) for purchase orders of crew carrier buses used in fire fighting. Alleging the BPAs were inequitable and violated various laws related to solicitations, Crewzers requested the following relief from the Court of Federal Claims: 1) a declaration the BPAs are unreasonable, illusory, and unenforceable; 2) a permanent injunction requiring the Forest Service to revise its BPAs to require equivalent obligations for government and non-government BPA competitors; and 3) a declaration that Crewzers is entitled to equitable relief and money damages based on the Forest Service's alleged breach of good faith and fair dealing. The parties filed cross-motions for judgment on the administrative record, which the lower court granted in the Government's favor. Crewzers appeals and re-

quests this court reverse and remand with instructions to permanently enjoin the Forest Service from using buses owned by local government entities before placing orders for buses with BPA-holders.

The Forest Service awarded multiple BPAs in regions that have high incidents of forest fires, and Crewzers was awarded a BPA after the lower court's determination. However, on September 13, 2011, the Forest Service terminated Crewzers from the Forest Service's BPA because it had allegedly failed to abide by the agreement terms. The Government filed a motion to dismiss after Crewzers' BPA was terminated, contending this appeal should be dismissed because Crewzers no longer benefits from a determination from this court.

## II.

An actual case or controversy must exist at all stages of review. *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 411 (1980). Determining whether a party has standing to sue is a question of law, which this court reviews de novo. *MHL TEK, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273 (Fed. Cir. 2011). Crewzers has the burden to show it meets the requisite case or controversy elements: 1) an "injury in fact"; 2) "a causal connection between the injury and the conduct complained of"; and 3) it is "likely" rather than merely "speculative" that the "injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Crewzers is neither restored nor benefited by its requested relief. Crewzers is no longer a party to the BPA and will not be affected by an injunction prohibiting the Forest Service from using local government owned buses before placing orders for BPA buses. Such an injunction would impact only BPA holders, not Crewzers. While Crewzers argues that others would benefit from this

court's determination, it cannot maintain this case on the alleged interest of non-parties. Crewzers also contends that its appeal should be ongoing while it contests the BPA termination, but it cannot continue this case in the hope of reinstatement of its BPA in the Court of Federal Claims. Without a BPA, there is no present controversy between Crewzers and the Forest Service and the Government's motion to dismiss is granted.

**DISMISSED**